FILED

JUN 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMELA LATTA,

               Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant - Appellee.

No. 11-35493

D.C. No. 9:10-cv-00141-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted April 11, 2012
Seattle, Washington

Before: HUG, D.W. NELSON, and CALLAHAN, Circuit Judges.

     Tamela Latta appeals the district court's grant of summary judgment against

her on her claim for review of the Social Security Commissioner's (Commissioner)

denial of disability benefits. The Administrative Law Judge (ALJ) at Latta's

disability hearing concluded that Latta could return to her former occupation as a

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sales clerk in women's apparel and is therefore not disabled. Latta sought review in federal district court, and the district court upheld the ALJ's decision. Latta now appeals the district court's order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

Latta first argues that the ALJ's determination that she is not disabled was erroneous because in defining Latta's residual functional capacity (RFC), the ALJ (1) did not credit her subjective claims of pain and (2) relied on the opinion of a non-examining physician instead of Latta's treating physicians and other healthcare providers.

The ALJ provided clear and convincing reasons, supported by substantial evidence, in finding that Latta's representations as to the severity of her pain were not credible. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038-40 (9th Cir. 2008). As the ALJ noted, the physical therapist who administered Latta's residual functional capacity assessment found that Latta "displayed numerous pain behaviors as well as pain reports that were not always consistent and selective." That same physical therapist also recorded observations of Latta walking around and laughing shortly after she had been crying and reporting her pain at a level of nine out of ten. The ALJ rationally interpreted that evidence, as well as the

evidence that Latta's condition was improving and did not require aggressive treatment, to indicate that Latta's claims of debilitating pain were not credible. *See id.* at 1038-1039.

We also reject Latta's argument that the ALJ erred in declining to accept certain opinions from her treating physicians and other healthcare providers. As the fact-finder in disability hearings, the ALJ is responsible for resolving any conflicts in the medical evidence on record. *See Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). Here, although Latta's treating physician, Dr. Winkel, concluded as late as February of 2008 that Latta was capable of returning to work, the doctor abruptly reversed himself and opined in May of 2008 that Latta was unable to work in any capacity. The ALJ permissibly rejected Dr. Winkel's later opinion on the basis that it was conclusory and relied wholly on Latta's subjective pain representations, which the ALJ had already found not credible. *See Tommasetti*, 533 F.3d at 1041.

Similarly, the ALJ did not err in rejecting the opinions of Latta's other healthcare providers on the basis that those opinions were conclusory and also relied on Latta's unreliable representations of pain. *See id.* Moreover, even assuming the ALJ erred in failing to comment separately on the observations of Latta's pain from the records of her healthcare providers, any error was harmless

because the providers' statements did not describe any limitations beyond those Latta had already described herself, which the ALJ validly rejected. *See Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012).

## II

Latta's final argument is that, even if the ALJ did not err in rejecting her credibility or the opinions of her treating physicians, and thus correctly defined her RFC, the ALJ did err in concluding that her RFC permitted her to return to her former occupation as a sales clerk in women's apparel. Latta contends that the ALJ defined her RFC to require that any position she takes permit her periodically to alternate between sitting and standing, and that, since the position of sales clerk in women's apparel does not allow for sitting, the ALJ's definition of Latta's RFC precludes her from returning to work in that position.

While we agree that a superficial reading of the ALJ's RFC definition supports Latta's argument, that argument fails upon a contextual review of the record as a whole. It is clear that the ALJ intended to adopt the RFC assessment of Dr. Schofield, which clarified the sentence "must alternate between sitting and standing" to mean only that Latta must "alternate posture and positions" when her occupation requires her to sit for any extended period of time—not that Latta is unable to stand for six hours per workday. The vocational expert at Latta's

disability hearing stated that Dr. Schofield's RFC assessment permitted Latta to return to her former work as a sales clerk, and the ALJ permissibly relied on that testimony as substantial evidence in support of his determination that Latta is not disabled.  *See Thomas*, 278 F.3d at 960 (testimony of vocational expert is substantial evidence).

**AFFIRMED**.